Perzak, Appellant, *v.* Coulter.

476

Argued April 21, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*John Wirtzman,* for appellants.

*Bruce R. Martin,* with him *Dalzell, Pringle, Bredin & Martin,* for appellees.

OPINION BY GUNTHER, J., July 17, 1952:

Theodore Perzak and George E. Hager, appellants, instituted a trespass action against H. Frank Coulter, appellee, for personal injuries and property damage arising out of an automobile accident in the City of Pittsburgh. The jury returned a verdict for Perzak

against appellee in the sum of $2,500 and for Hager in the sum of $2,000. The court below refused plaintiffs' motions for new trials wherein they complained of inadequacy of the verdicts.

The sole question in this appeal is the inadequacy of the verdicts. "The grant or refusal of a new trial for inadequacy of the verdict is a matter for the sound discretion of the trial court whose action will not be reversed on appeal except for a clear abuse of discretion such as where a new trial is refused when the verdict is so unreasonably low as to present a clear case of injustice": *Takac v. Bamford,* 370 Pa. 389, 395, 88 A. 2d 86; ". . . or when there is a clear conviction, compelled by the evidence, that the jury must have been influenced by partiality, passion or prejudice, or by some misconception of the law or the evidence": *Hammaker v. Watts Township,* 71 Pa. Superior Ct. 554, 558. In the instant case, the record clearly disclosed that the verdicts were neither unreasonable nor influenced by partiality or misconception.

Perzak complains of his verdict, alleging that he clearly proved damages totaling $3,291. However, the record discloses that the jury could reasonably have calculated certain damages at a lower figure than that contended for, and in some instances may have completely disregarded certain asserted damages. For example, Perzak claimed forty days loss of earnings immediately following the accident, and fifty-three days loss of earnings at various and sundry intervals after his return to work. There is evidence from which the jury would have been warranted in concluding that the later loss of earnings did not proximately result from the injury received from this accident. Also, a future operation which Perzak requires, according to medical testimony, could from the record be found to cost less than Perzak asserts. Perzak further alleged that he would lose a minimum of six weeks work during the

course of the proposed operation. The evidence, however, shows that Perzak's medical witness, Dr. Ferraro, estimated a loss of from three to six weeks. Dr. Ferraro also testified that the operation would require hospitalization of from seven to ten days. Perzak's figures were based on an estimate of three weeks in the hospital. Other serious conflicts appear in the evidence which clearly indicate that the jury may have accepted, as was their right, the minimum estimated costs. Moreover, Perzak claimed loss of work and medical expenses from pneumonia which allegedly arose as a result of the accident. However, Perzak's other medical witness, Dr. DeLeo, conceded that it is very rare for pneumonia to arise from this type of accident. It was, therefore, evident that the jury concluded that Perzak's loss of earnings attributable to pneumonia did not flow proximately from the tort.

Hager complains of his verdict alleging that he proved damages totaling $2,492. The record discloses striking similarities to the *Perzak* case in that the jury would have been warranted in concluding that all of Hager's alleged damages were not properly compensable. For example, Hager contended that in the two future operations which his medical witness, Dr. Kaufman, testified are necessary, Hager will lose ten weeks of work time. The evidence, however, establishes that Dr. Kaufman estimated a total of six weeks loss of work. The difference between the two estimates in loss of earnings would be $280. Differences in estimates and claims for hospital expenses as in the *Perzak* case are also present. Moreover, it is evident that the jury concluded that Hager's loss of work after his permanent return to work was not properly attributable to the accident.

It is the province of the jury to appraise the worth of the testimony and to accept or reject the estimates given by witnesses. If the verdict bears a reasonable

resemblance to damages which were proven, it is not the function of this Court to substitute its judgment for that of the jury. "Indeed, it would seem that it is only where the verdict was merely nominal that the appellate courts have looked askance on a refusal of the trial court to set it aside and grant a new trial": *Carpenelli v. Scranton Bus Co.,* 350 Pa. 184, 188, 38 A. 2d 44. The related instances clearly indicate that the jury could, and evidently did, disagree with the extent of the claims for damages allegedly suffered by plaintiffs. There is, therefore, no basis for a conclusion that the verdicts were inadequate in law. We find no abuse of discretion by the court below in refusing to grant new trials.

Judgments affirmed.