## Elza *v.* Chovan, Appellant.

276

Argued April 22, 1958. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

Before SOFFEL, J.

*Thomas F. Weis,* with him *Weis & Weis,* for appellant.

*Theodore M. Tracy,* with him *Edward O. Spotts,* for appellee.

OPINION BY WRIGHT, J., September 11, 1958:

On April 23, 1953, at about 5:00 p.m., at the intersection of Freeport Road and Marion Street in East Deer Township, Allegheny County, there was a collision between a motorcycle owned and operated by Albert Elza, on which Albert's brother, Hansford Elza, was riding as a passenger, and a Hudson automobile owned and operated by Joseph Chovan. Albert and Hansford each instituted a trespass action against Joseph. At the trial the jury returned a verdict against Albert, but in favor of Hansford in the amount of $950.00. The court below granted Hansford's motion for a new trial on the ground that the verdict was inadequate. This appeal followed.

It is clear from our examination of this record that the verdict eventually entered as to Hansford's claim was a compromise. The trial judge charged the jury that Hansford had a duty to protest if the motorcycle was driven negligently. Incidentally, the motorcycle was used as a means of transporting these two brothers to and from work and they divided the expenses of its operation. Hansford's chief complaint was injury to his back. The major portion of his claim was for loss of earnings. The jury first sent a note to the trial judge inquiring, "can we throw this out of court". The trial judge then gave additional instructions to the effect that the verdict must be in favor of Hansford unless he was contributorily negligent.

Hansford presented a bill from the Citizens General Hospital in amount of $137.25. Dr. Fronduti's bill for

services during the hospitalization was $85.00. Hansford also presented a bill for subsequent services from Dr. Strassley in amount of $367.00, plus two back supports in amount of $20.00. His claim for loss of earnings was in amount of $125.00 per week for twelve weeks. However, Hansford had concealed from the physicians the fact, developed at the trial, that he had suffered a prior back injury. Hansford also did not tell the truth about the date of his return to work. The jury might well have allowed little or none of Dr. Strassley's bill, and undoubtedly felt that the claim for loss of earnings was exaggerated.

The function of an appellate court in a case of this nature has been outlined by Mr. Chief Justice JONES in the case of *Glaister v. Eazor Express,* 390 Pa. 485, 136 A. 2d 97. While the appellant has a heavy burden, and the appellate court usually supports the action of the trial court in granting or refusing a new trial, we are not to entirely abdicate our reviewing function. Our inquiry on such an appeal should be whether the court below abused its discretion in holding that the verdict in question was inadequate. We have concluded in the instant case that this inquiry must be answered in the affirmative.

As pointed out by Mr. Justice BELL in *Karcesky v. Laria,* 382 Pa. 227, 114 A. 2d 150, the jury is not required to believe everything that a litigant or his witnesses say, even though their testimony is uncontradicted. This case and other relevant cases were considered by Judge WOODSIDE in his opinion for this court in *Krusinski v. Chioda,* 186 Pa. Superior Ct. 419, 142 A. 2d 780, our most recent discussion of the subject, in which we set aside the grant of a new trial on the ground of inadequacy of the verdict. It is the province of the jury to appraise the worth of the testimony and to accept or reject the estimates given by the witnesses:

*Perzak v. Coulter,* 171 Pa. Superior Ct. 475, 90 A. 2d 256. If the verdict is substantial, not merely nominal, and bears a reasonable resemblance to the damages proven, it is not the function either of the court below or this court to substitute its judgment for that of the jury: *Pryor v. Graff,* 179 Pa. Superior Ct. 622, 117 A. 2d 818.

The concluding paragraph of the opinion below reads as follows: "We are here confronted with a difficult decision. The court may well accept either side of the coin. The plaintiff failed to tell the truth as to his injuries and the jury apparently did not believe him. But not withstanding this fact and eliminating any award for pain and suffering and the amount for the services of Dr. Strassley, who treated his back, the plaintiff did prove damages in the amount of $1,375. The jury awarded him $950. This sum is not adequate and a new trial will be granted".

The lower court thus concedes that Hansford did not tell the truth about his injuries, and that the jury did not believe him. It is therefore difficult to understand the statement as to the amount of damages which Hansford did prove. Certainly he did not prove such damages to the satisfaction of the jury which had the exclusive right to determine Hansford's credibility and the weight and effect to be given to his testimony. It was not the function of the court to "accept either side of the coin". That statement indicates a manifest usurpation by the court below of the function of the jury.

Our review of this record clearly indicates that the jurors were warranted, not only in questioning appellant's liability to Hansford, but also in disagreeing with the extent of Hansford's claim for damages. They could well have found that this man was actually suffering from a pre-existing back condition which he fraudulently concealed, and that he could have returned

to work sooner than he did. The conclusion of the court below that the verdict was inadequate was therefore unjustified. See *Esposito v. Henderson,* 185 Pa. Superior Ct. 479, 137 A. 2d 900; *Alleva v. Porter,* 184 Pa. Superior Ct. 335, 134 A. 2d 501.

The order of the court below is reversed, and judgment is here entered on the verdict.