## McCluskey, Appellants, *v.* Poloha.

Argued November 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Harry Alan Sherman,* for appellants.

*George M. Weis,* with him *Weis & Weis,* for appellee.

288

OPINION BY WATKINS, J., December 14, 1960:

This is an appeal from the order of the Court of Common Pleas of Allegheny County refusing a new trial in a trespass action to the plaintiffs-appellants, Maxwell Thomas McCluskey, Jr., a minor, by Maxwell Thomas McCluskey, Sr., father and guardian, and Maxwell Thomas McCluskey, Sr., in his own right. The appellants contend for a new trial on the ground that the verdict was inadequate as the result of improper influence affecting the jury's impartiality.

This was the second trial of this case. Both trials resulted in a verdict for the appellants. The first trial resulted in a verdict in favor of the appellants in the amount of $10,200, which was upset by the court below, and a new trial granted because it was excessive and because of a misleading medical history. On appeal to the Supreme Court this action was affirmed in *McCluskey v. Poloha,* 396 Pa. 214, 152 A. 2d 247 (1959). The instant trial resulted in a verdict for Maxwell T. McCluskey, Sr., in the amount of $300 and for his son, Maxwell T. McCluskey, Jr., in the amount of $1000.

The claim arose as the result of the minor appellant being struck by the appellee's automobile on July 25, 1954, in the Borough of Braddock, Pennsylvania. The minor was then six years of age and suffered a contusion of the brain and was hospitalized for seven days. According to all the medical testimony the boy had made a complete recovery at the time of the trial. The proven medical expenses resulting from the accident were $260.50.

The parents of the boy testified that he began to have nightmarish nocturnal episodes following the accident. The nocturnal nightmares were only observed by the parents and as the court below indicates, their existence and their seriousness was a jury matter. The boy's school record for the year following the accident shows that he was a straight "A" student and there

was no difficulty with him from a behavior standpoint. The appellee in this case denied that he ever struck the child and he was corroborated by his wife. So, as the court below said, "Consequently the jury could have reached a verdict in favor of the defendant which would have been supported by evidence and plaintiffs would have received nothing at all. The jury also could have found that the defendant's car hit the minor plaintiff but that the defendant had no opportunity to avoid striking the child, with the same result. The evidence of any negligence on the part of the defendant is very meager indeed."

Though the verdict was small, it was not nominal, and can be reconciled with the injuries and expenses proven. In *Paustenbaugh v. Ward Baking Co.*, 374 Pa. 418, 97 A. 2d 816 (1953), Justice ARNOLD covers our situation precisely, wherein he set forth the following:

"The guide for determining whether a new trial should be granted for inadequacy of verdict has often been set forth in the cases. 'Where the trial court grants a new trial on the ground of inadequacy the appellate courts will not interfere in the absence of a gross abuse of discretion. When the trial court refuses relief against an allegedly inadequate verdict the appellate court will exercise even greater caution in reviewing its action. It was said by President Judge RICE in Palmer v. Leader Publishing Co., 7 Pa. Superior Ct. 594, 598: "The power to grant a new trial because of the inadequacy, as well as the excessiveness, of the damages allowed by the jury is undisputed, but this power is much more rarely exercised in the former than in the latter case. If such caution is properly exercisable by the trial court, much more cautiously should an appellate court proceed where the trial court, after a conscientious review of the case, has refused to set aside the verdict. No mere difference of opinion,

nothing short of a clear conviction, compelled by the evidence, that the jury must have been influenced by partiality, passion or prejudice or by some misconception of the law or the evidence, will justify an appellate court in declaring that the trial court was guilty of an abuse of discretion in refusing a new trial for inadequacy of damages where neither the evidence in the particular case nor the law applicable thereto furnished any definite standard by which they might be measured, and the jury had no other guide in arriving at the amount to be awarded but pure conjecture." ': Coleman v. Pittsburgh Coal Co., 158 Pa. Superior Ct. 81, 85, 43 A. 2d 540, 542, 'Indeed, it would seem that it is only where the verdict was merely nominal that the appellate courts have looked askance on a refusal of the trial court to set it aside and grant a new trial'. Carpenelli v. Scranton Bus Company, 350 Pa. 184, 188, 38 A. 2d 44, 46. 'It is the province of the jury to appraise the worth of the testimony and to accept or reject the estimates given by witnesses. If the verdict bears a reasonable resemblance to damages which were proven, it is not the function of this Court to substitute its judgment for that of the jury'. Perzak v. Coulter, 171 Pa. Superior Ct. 475, 478, 90 A. 2d 256, 257."

" '. . . The grant or refusal of a new trial for inadequacy of the verdict is a matter for the sound discretion of the trial court whose action will not be reversed on appeal except for a clear abuse of discretion such as where a new trial is refused when the verdict is so unreasonably low as to present a clear case of injustice.' " *Zamojc v. Fisher,* 127 Pa. Superior Ct. 171, 172, 193 A. 315, 316 (1937). See also: *Elza v. Chovan,* 396 Pa. 112, 152 A. 2d 238 (1959) ; *Snyder v. Nehila,* 184 Pa. Superior Ct. 89, 132 A. 2d 355 (1957) ; *Simpkins et al. v. Richey,* 192 Pa. Superior Ct. 46, 159 A. 2d 17 (1960).

The basis for appellants' claim that there was improper influence affecting the jury's impartiality is

that one of the jurors was a relative of an attorney who was very antagonistic toward the attorney for the appellants, but who was not a party to this proceeding. It was alleged that he had discussed the case with this relative juror. This was drawn to the attention of the trial court. After discussion in the judge's chambers, the juror was dismissed and the trial proceeded with eleven jurors upon stipulation and agreement of counsel for all parties concerned. At that time appellants had their opportunity to refuse to proceed, and should not now be heard to complain after a disappointing verdict. *Nyce v. Muffley,* 384 Pa. 107, 119 A. 2d 530 (1956). There was no abuse of discretion.

Order affirmed.