**Martha H. GRAY and Marian P. Marshall, Plaintiffs,**

v.

**Leonard Z. ALPERT, Defendant.**

**Civ. No. 62-033.**

United States District Court
W. D. Pennsylvania.

Aug. 16, 1963.

John E. Evans, Jr., of Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiffs.

Bruce R. Martin, of Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

In this diversity case, Marian P. Marshall, the 30-year-old plaintiff, moves for a new trial.[1] The case was tried by experienced and capable counsel on both sides. The only reasons advanced for the new trial were that the jury verdict in the sum of $1400.00 was against the weight of the evidence, was capricious, and was grossly inadequate and inequitable.

In our opinion the motion should be denied.

On August 28, 1960, when the defendant's car ran off the road and stopped

---

1. The plaintiff Gray accepted the verdict in her favor in the sum of $1800.00.

suddenly, Miss Marshall sustained painful but minor bruises, cuts and contusions, a dislocated nasal bone, black eyes, lost consciousness for a short time, although this was disputed, and sustained an injury to the ulnar nerve in her left arm. Under the evidence the mucous condition of her throat may or may not have been the result of the accident. At the time of trial in May, 1963, all the injuries had long since healed except the injury to the ulnar nerve. As to the latter, the plaintiff claimed that she suffers impaired motor control and severe pain in her left arm on occasion, which causes numbness in her fourth and fifth fingers. She relieves the pain by taking pills. Her subjective complaint of impaired motor control was not substantiated by the medical testimony, was negatived by the defendant's medical expert, and was weakened not only by the testimony of one of her doctors (T., p. 85) but by her own testimony (T., p. 64). At best it was a jury question.

Except for crepitations upon forced flexion and extension of her left elbow, detected by one doctor, all of her complaints concerning her arm were subjective.

Plaintiff was employed as a bookkeeper before and after the accident and at the time of trial. Her duties were to make handwritten entries in the ledgers. She is right handed. Her only disability, unsupported by evidence other than her own, was that on the occasions when the pain in her left arm is severe, she cannot carry heavy books or turn the pages thereof with her left hand. She lost no wages and is still working.

Permanency of the nerve injury was disputed and, therefore, was for the jury. Only one of her three doctors was of the opinion that the nerve injury was permanent. Except for three weeks immediately following the accident, she has worked continuously at full wages. With respect to her occupation, her occasional pain could hardly be characterized as disabling. Under the evidence it was the jury's province to reject her claim for future loss of earning power or view it as extremely minimal.

As we understand the law, a trial judge should not set aside a verdict as contrary to the weight of the evidence and order a new trial simply because as a fact finder he would have concluded that the nerve injury and the pain, suffering, and inconvenience were more severe than found by the jury. Credibility of witnesses is peculiarly for the jury. The judge should abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result, for in negativing the verdict he has to some extent, at least, substituted his judgment for that of the jury. Lind v. Schenley Industries, Inc., 278 F.2d 79, 89 (3d Cir., 1960); 6 Moore's Federal Practice, 2d ed., p. 3819; Vol. 10, Cyclopedia of Federal Procedure § 34.08. In view of the evidence, we cannot say with certainty that the jury reached a seriously erroneous result.

With regard to the alleged inadequacy of the verdict, before granting a new trial the trial judge should find that the verdict was so unreasonably low as to present a clear case of injustice. Takac v. Bamford, 370 Pa. 389, 395, 88 A.2d 86 (1952). "It is the province of the jury to assess the worth of the testimony and to accept or reject the estimates given by witnesses. If the verdict bears a reasonable resemblance to the proven damages, it is not the function of the court to substitute its judgment for the jury's. * * *" Elza v. Chovan, 396 Pa. 112, 115, 152 A.2d 238, 240 (1959).

In the light of these principles, we do not think the verdict was unreasonably low and believe it bears a reasonable resemblance to the proven damages. It is true that pain, suffering, and inconvenience are substantive losses and plaintiff is entitled in the circumstances to reasonable pecuniary compensation, the amount of which, however, is not capable of exact measurement. In the more frequent cases where excessiveness is alleged, courts in general are reluctant to

disturb a jury's verdict on the ground of excessiveness where the damages are unliquidated and there is no fixed measure of mathematical certainty. Armit v. Loveland, 115 F.2d 308, 314 (3d Cir., 1940). The same rule applies "when a new trial is sought on the theory of an *inadequate* verdict." Wooley v. Great Atlantic & Pacific Tea Company, 281 F.2d 78, 80 (3d Cir., 1960).

█ Plaintiff argues that her "out-of-pocket" expenses exceeded $1000.00, and that the award for pain, suffering, and inconvenience was necessarily less than $400.00. However, an examination of the evidence discloses that the jury may not have awarded the total of her claimed medical expenses.

The extensive physiotherapy treatment for her arm condition, administered by three doctors, produced no beneficial results to the plaintiff. She controls her alleged pain by medication. After her cuts, bruises, and contusions cleared up, Miss Marshall seems to have led a normal life. Whether her doctors rendered necessary services to her and charged her fair and reasonable prices therefor, like the award for pain, suffering, and inconvenience, were questions peculiarly within the jury's province. " '[T]he trier of fact is at liberty within bounds of reason to reject entirely the uncontradicted testimony of a witness which does not produce conviction in his mind of the witness' testimony.' [Citations omitted.] The right of the trier of the fact to reject oral testimony seems particularly appropriate when the testimony is composed of opinions." Wooley v. Great Atlantic & Pacific Tea Company, supra, 281 F.2d at p. 80.

There were some obvious weaknesses in the evidence concerning plaintiff's medical expenses. She claimed $200.00 for drugs; the receipts she produced amounted to only $27.89. Lamely she stated: "After three years it got ridiculous * * * to ask for a receipt." The evidence discloses that she only asked for receipts for seven months, and during those seven months expended for drugs $27.89. At that rate, her expenses to the time of trial for drugs would be $4.00 per month, and the jury justifiably could have given her $128.00 instead of $200.00. One of her doctors mailed an unitemized bill in the sum of $265.00 to plaintiff's attorney. The evidence shows that he rendered 33 treatments at $7.00 per treatment, which would amount to $231.-00; the remainder of $34.00 apparently was for correspondence and advice given over the telephone. The jury could have concluded that this doctor's bill in excess of $197.00 was not fair and reasonable, especially in view of the ineffective services rendered. Another of her doctors submitted an unitemized bill for $280.00. The evidence discloses that he treated her about 33 times. Plaintiff testified that on one visit to this doctor for another injury, he charged her $4.00. The jury could well have concluded that the fair and reasonable bill for these ineffective treatments was around $132.00 instead of $280.00.

If the jury had deducted these possible differences in the claim for drugs and medical bills, that award would have been around $600.00, and the remainder of around $800.00 would have been the amount awarded for pain, suffering, inconvenience, and damage to her clothes[2] instead of something less than $400.00. The foregoing examples of evidentiary weakness should not be construed to foreclose the possibility that the jury found the plaintiff's claims for medical expenses were exaggerated and allowed even less than indicated above.

It is the province of the jury to appraise the worth of the testimony relating to the reasonable value of the medical services and to accept or reject the estimates given by the doctors. McCluskey v. Poloha, 194 Pa.Super. 286, 166 A.2d 334 (1960). Of course, we realize that there is now no way of telling what the jury actually did, but the foregoing analysis of the evidence indicates that the verdict does bear an

2. Plaintiff testified that the damage to her clothes was $50.00 to $60.00.

arguable resemblance to the proven damages and that it was not capricious or actuated by improper motives or a reckless disregard of the evidence. In this case we do not think the court should substitute its judgment for that of the jury's. See the principles restated by Judge Stewart, late of this court, in Zellem v. Herring, 102 F.Supp. 105 (W.D. Pa.1952).

An appropriate order will be entered.