# Salvitti v. Kersch

*Patricia A. McHugh*, for plaintiff.
*Morton B. Wagner*, for defendant.

FORER, *J.*, July 19, 1977—This case arises out of a motorcycle accident which occurred on February 9, 1973, in the vicinity of Frankford Avenue and Tyson Street in the City of Philadelphia. Plaintiff was a passenger on the motorcycle and defendant was the owner and driver of the motorcycle. It is undisputed that as the motorcycle approached the traffic light going 40 to 50 miles per hour, plaintiff yelled a warning. Defendant jammed on the brakes and the vehicle skidded into the side of a car going west on Tyson Street. Plaintiff was seriously injured. The case was tried without a jury.

The facts are not seriously in dispute. The only legal issue is whether plaintiff was contributorily negligent and/or assumed the risk because he voluntarily rode with defendant on the motorcycle knowing that defendant had previously driven the

motorcycle with plaintiff as passenger at a speed of 50 miles per hour on city streets.

. . .

## DISCUSSION

There is no doubt that defendant was negligent in driving the motorcycle so fast that he was unable to stop for the traffic light at the intersection of Frankford Avenue and Tyson Street. Defendant does not deny this.

Defendant asserts that plaintiff was contributorily negligent in continuing to ride with defendant after observing the speed at which defendant drove. Plaintiff and defendant made a stop at a car wash. Plaintiff could have refused to continue to ride with defendant, but he did not do so and voluntarily chose to continue to ride with him.

It is defendant's contention that plaintiff was either contributorily negligent or "assumed the risk," citing Apfelbaum v. Markley, 134 Pa. Superior Ct. 392, 3 A. 2d 975 (1939); Volpe v. Phila. R. T. Co., 260 Pa. 402, 103 Atl. 926 (1918); Elza v. Chovan, 187 Pa. Superior Ct. 275, 144 A. 2d 436 (1958). Defendant relies on Guiducci v. Mason, 326 Pa. 490, 192 Atl. 632 (1937), holding that failure of a passenger on a motorcycle travelling at a high rate of speed to admonish the driver renders the passenger guilty of contributory negligence.

Plaintiff does not dispute the legal principles enunciated in these cases, but maintains that they are inapplicable because plaintiff did warn defendant of the danger of defendant's excessive speed as they approached the intersection, citing Smalich v.

Westfall, 440 Pa. 409, 269 A. 2d 476 (1970). It is obvious that at this point plaintiff could not have controlled defendant or removed himself from danger.

The Pennsylvania Supreme Court is now in accord with most enlightened jurisdictions in abolishing imputed negligence to the passenger-owner of a vehicle. See Smalich v. Westfall, supra. The perils of a passenger attempting to wrest control of the vehicle are so obvious as to require no citation. A non-owner passenger certainly is not required to take foolhardy measures to attempt to control the driver. To hold that because a passenger has previously ridden safely with a driver who on occasion exceeds the legal speed limit assumes the risk would deprive most passengers who are injured while riding in a vehicle operated by a friend or acquaintance of the right to recover for injuries caused by the admitted negligence of the driver. In an age of "no-fault," it is regressive to impose unrealistic burdens on passengers who have no practical means of controlling a driver.

. . .

Judgment is awarded in favor of plaintiff and against defendant in the amount of $12,000.