## Balena, Appellant, v. Pittsburgh.

Argued March 21, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John E. Evans, Sr.,* with him *Charles J. Margiotti,* for appellant.

*Cornelius D. Scully,* City Solicitor, and *A. L. Wolk,* Assistant City Solicitor, for appellee, were not heard.

PER CURIAM, April 23, 1934:

Plaintiff appeals from the refusal of her motion for a new trial and from judgment for defendant in an action against the City of Pittsburgh to recover for damage to her properties at 460-62 Williams Street in that city, which she alleges was sustained as a result of the municipality's negligence in failing to provide adequately for the drainage of surface waters and to keep gutters open. She claimed that, as a consequence of this negligence, surface waters which should have been carried off overflowed onto her properties, injuring the buildings and causing an earth slide at the rear of the houses. The sole question on this appeal is whether the court correctly charged the jury on the subject of contributory negligence.

Very little of the evidence in the court below is incorporated in the record, but the facts stated in the opinion of the court are not disputed. Plaintiff's own evidence showed that a gutter in front of her property which had theretofore sufficiently carried off the drainage water had been covered over by plaintiff with a platform for convenience in parking automobiles at the side of the unpaved street, and on cross-examination it was brought out that this erection might have diverted the surface waters, causing them to flow over her ground. Further, there was testimony that the land, on which the two houses had been built, was on a hillside, the rear of the property, where the landslide occurred, consisting of an extensive fill put there to level the lots, and held by a cribbing wall built by plaintiff with discarded railway ties, which had bulged out before the injury here complained of. It therefore became a question of fact

whether the construction of the platform covering the gutter, and the nature of the materials used in the fill and its support, contributed to the damage received by plaintiff and constituted negligence on her part. These matters were brought out by cross-examination of plaintiff's witnesses and the direct testimony of defendant's witnesses, and it is admitted by appellant that a clear question of fact was raised for the jury's consideration. The verdict having been rendered for defendant, the sole error alleged for our consideration is whether the trial judge properly charged the jury as to contributory negligence on plaintiff's part.

The trial judge stated to the jury that, to render a verdict for plaintiff, they must determine that she had established, by the fair weight or preponderance of the evidence, negligence on the part of defendant, and that she must also make out a case free and clear of contributory negligence. This instruction was a correct statement of the law and not, as argued by appellant, the same as saying plaintiff had the burden of disproving contributory negligence: Adams v. Gardiner, 306 Pa. 576, 585; McCracken v. Curwensville Boro., 309 Pa. 98, 112. Upon consideration of the whole record, we are definitely of opinion the jury could not have been misled as to the burden of proof in the case, and we are convinced, not only that the issue as to contributory negligence was clearly and correctly placed before them, but also that the testimony fully supports their verdict.

The judgment is affirmed.