## Campbell et ux., Appellants, v. Campbell, Admrx.

Argued October 1, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. Walter Braham,* with him *William D. Cobau* and *J. Glenn Berry,* of *Braham, Cobau & Berry,* for appellants.

*Charles Matthews, Jr.,* with him *Roy M. Jamison,* of *Matthews & Jamison,* for appellee.

PER CURIAM, November 26, 1934:

This is an appeal by plaintiffs from a judgment of the Court of Common Pleas of Lawrence County, entered for defendant after verdict in her favor, in an action of trespass to recover damages for personal injuries sustained by the wife-plaintiff while riding as a guest in an automobile operated by her granddaughter, Nellie Humphrey, since deceased. The sole question is the refusal of the court below to award a new trial. There is but one assignment of error, which alleges the trial judge erred in charging that the question of contributory negligence on the part of the plaintiff was for the jury. The testimony shows that at the time of the accident the wife-plaintiff was in the front seat of the car and was examining and discussing with Miss Humphrey papers relating to the latter's admission as a student to Slippery Rock Teacher's Training College, and that she, plaintiff, had engaged defendant in so doing in such manner as to distract the latter from her duty in operating the car.

Appellants argue this evidence was not sufficient to warrant the trial judge in submitting to the jury the question of contributory negligence. On the contrary, we are of opinion plaintiff did not make out a case clear of contributory negligence, and the trial judge could have so held had a motion for nonsuit been presented. Plaintiffs cannot be heard to complain that the question was submitted to the jury, as this was more than they deserved in the circumstances. Fortunately, the error was harmless to defendant inasmuch as the jury returned a verdict in her favor.

Judgment affirmed.