## Lyons, Appellant, *v.* Wargo.

Argued October 4, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Harvey E. Schauffler, Jr.,* for appellant.

*Joseph F. Weis, Jr.,* with him *Weis & Weis,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, November 12, 1956:

Plaintiff brought this action of trespass to recover for personal injuries sustained by her while riding as a guest passenger in the automobile driven by defendant. The jury returned a verdict for defendant. Plaintiff appeals from the refusal of her motion for new trial.

The parties met in a restaurant and decided to go to another before defendant was to drive her to her home. Plaintiff testified that as they drove along the defendant, for no accountable reason, suddenly veered to the left and collided with a pole. Defendant's ver-

sion was that as he was driving the plaintiff kissed him; he "was inspired and . . . responded to her . . . My car drifted across the road and struck this pole on the opposite side of the road." As a result plaintiff was seriously injured.

Plaintiff urges on this appeal that the trial judge committed basic and fundamental error in his charge to the jury in that he minimized the function of the jury; erred in his instructions on defendant's negligence and the burden of proof thereof; and erred also on instructions as to contributory negligence. A careful reading of the testimony and a consideration of the charge as a whole disclose no error. Further, to reverse on the ground of basic and fundamental error, it must mislead the jury to plaintiff's prejudice (*Harman v. Chambers,* 358 Pa. 516, 519, 57 A. 2d 842), and we do not find such to be the case here.

The court gave several opportunities for suggestions as to clarification or correction of its charge, of which plaintiff took advantage. Plaintiff declared that it was satisfactory, and did not see fit to except in any particular. She had good reason for so doing,— an examination of the charge revealing that it was full and adequate, even though isolated questions would, in a sense, not appear to be pertinent or necessary.

There is no question as to defendant's negligence, in fact it was admitted. The only matter to be considered was the alleged contributory negligence of plaintiff. As to this the court charged, inter alia: ". . . no one can come into court and claim damages from another if they themselves have been guilty of some degree of negligence that helped bring about the happening of the accident . . . the burden is not on her to disprove contributory negligence." On submitted points, he charged in addition: "A guest passenger in an automo-

bile who diverts the attention of a driver from the operation of the automobile cannot recover for injuries sustained as a result of the driver's inattention . . . [and] "If you should find that the plaintiff made out a case free of contributory negligence or you should find that she was not guilty of negligence herself . . . I have outlined to you . . . the items . . . plaintiff can recover in this case." Thereafter plaintiff requested, obtained and approved, a further charge on what constitutes negligence.

We do not believe that the jury was left in any doubt whatsoever as to the matters giving rise to negligence or contributory negligence, nor as to the burden in either instance. Cf. *Susser v. Wiley*, 350 Pa. 427, 39 A. 2d 616; *Gross v. Clapper*, 369 Pa. 348, 85 A. 2d 618. Furthermore, we have said many times that a litigant will not be permitted to take a chance on the verdict, and then take advantage of alleged errors in the charge which he had opportunity to have corrected when made: *McDonald v. Ferrebee*, 366 Pa. 543, 79 A. 2d 232. This is a typical case for application of this rule.

Judgment affirmed.