## Dean v. Trembly

2

*Paul N. Barna,* for plaintiff.

*Charles G. Sweet,* for defendant.

WEINER, J., January 31, 1957. — Plaintiff, Fred
Dean, instituted an action in trespass against James

J. Trembly, t/a Trembly's Bus Lines, to recover compensation for personal injuries which plaintiff claimed to have sustained and suffered as a result of being struck by a bus owned and operated by the said defendant, as plaintiff was walking across a road or street. A verdict was returned in favor of defendant, and it is significant to note that, according to the finding of the jury, defendant was not guilty of negligence. Subsequently plaintiff filed a motion for judgment n. o. v. and a motion for a new trial, based upon many alleged errors on the part of the trial judge as will be hereinafter discussed. The motion for judgment n. o. v. has already been disposed of by an opinion dated August 11, 1955, and the only matter now before the court is plaintiff's motion for a new trial.

On November 1, 1954, at about 4:30 p.m. plaintiff left his employment with the Pittsburgh Steel Company at Allenport at the end of his shift or day, and started to walk across the property of his employer toward a parking area where the motor vehicle in which he was to return home was parked. There is a road or street crossing the approximate center of this parking area which is used by buses transporting employes to and from this mill, and also by employes driving to and from work in their own motor vehicles. It was necessary that this plaintiff cross this road to reach his car. As he approached the road this day, he noticed the bus of defendant standing on the west side of the road facing south. At the same time there were automobiles of other employes traveling on this same road in the opposite lane of the bus, and in the opposite direction. Plaintiff was one of a group of men who started to cross the road at the time, plaintiff apparently being the last.

It is the contention of plaintiff that he was in full view of defendant as plaintiff started to cross the road and as he did so, he claims defendant did sud-

denly, and without any warning, start his bus and strike plaintiff with the front bumper of the bus, knocking him to the ground and driving the left front wheel of the bus over or onto plaintiff's right foot. On the other hand, defendant claimed that the bus was moving at the time plaintiff undertook to cross the road, and that plaintiff recklessly and negligently walked into the left-front side of the bus and thereby himself caused any injury that plaintiff may have sustained.

The isues thus created were clearly for the jury as to whether defendant was negligent or whether the accident and the injuries sustained were the result of the contributory negligence of plaintiff. It is in this connection that the significance of the finding of the jury, that defendant was not guilty of negligence, becomes important. Plaintiff's counsel has laid great stress on what he claims to be undue emphasis on the part of the trial judge as to the alleged contributory negligence of plaintiff. It is fundamental that before a verdict for plaintiff can be found in a case of this type, defendant must first be found guilty of negligence, and this jury was so instructed, as a reading of the charge clearly shows. The jury having found that defendant was not guilty of negligence, it must be assumed that the matter of the alleged contributory negligence of plaintiff, as contended by defendant, was never considered by the jury.

Aside from this fact, that the alleged contributory negligence of plaintiff never entered into the jury's consideration of this case, it may be noted that a reading of the charge in connection therewith shows that the trial judge charged the jury as follows:

"Contributory negligence, I have already told you, is negligence on the part of the injured plaintiff which in some degree helps in proximately causing his own injury. I repeat again, one who is guilty of contribu-

tory negligence may not recover from another for any injuries suffered. The law will not undertake to apportion the blame, and while ordinarily contributory negligence is an affirmative defense and the burden of proving it is on the defendant, it is required of the plaintiff that he present a case clear of contributory negligence on his part before he has a right to recover."

This charge is consistent with the rules laid down by our Supreme Court. In the recent case of Mathews v. Patton, 385 Pa. 625, at pages 630 and 632, the identical language was approved in practically the same words, to wit, that plaintiff must make out a case clear of contributory negligence. Nowhere in the trial judge's charge is there any "duty" imposed upon plaintiff with respect thereto; to say that he is required to present a case clear of contributory negligence does not thereby impose any duty to perform any particular act or requirement other than that the presentation by himself and his witnesses must not disclose contributory negligence on plaintiff's part, and a fair reading of the trial court's charge in this case goes no farther that that. See Fries v. Ritter, 381 Pa. 470, and Lewis v. Quinn, 376 Pa. 109.

In the case referred to by plaintiff, that of Heimbach v. Peltz, 384 Pa. 308, while the use of the word "duty" is condemned, yet that same case is authority for the principle that the evidence of plaintiff must be sufficient to permit a jury to find that his injury resulted from defendant's negligence and *contributory negligence does not apparently appear from plaintiff's evidence*. (Italics supplied.)

The same complaint with respect to the identical words used by the trial judge in this case was made in the case of Balena v. Pittsburgh, 315 Pa. 121. The answer of the Supreme Court to that complaint will serve to dispose of the same question raised here. The

Supreme Court in a per curiam opinion spoke as follows:

"The trial judge stated to the jury that, to render a verdict for plaintiff, they must determine that she has established, by the fair weight or preponderance of the evidence, negligence on the part of defendant, and that *she must also make out a case free and clear of contributory negligence*. This instruction was a correct statement of the law and not, as argued by appellant, the same as saying plaintiff had the burden of disproving contributory negligence." (Italics supplied.)

As to the various other reasons assigned for a new trial, those dealing with the matter of the injuries, and particularly with the testimony of Dr. Scott, need not be considered or commented upon in the light of the verdict for defendant. It is clear that the jury never reached or considered that part of plaintiff's case.

The only other material item raised by plaintiff deals with the instructions of the trial judge with respect to the duty of plaintiff in crossing this road or street in question. At pages 235 and 236, we find the following language:

"A pedestrian traversing or crossing a highway not at an intersection or at a regular crossing is not negligent as a matter of law but is bound to exercise a high degree of care, Apparently, this was not an intersection nor was it a regular crossing. At least according to the evidence, it has not been shown that it was at a place provided for crossing. Apparently, employes crossed at all points on this highway and even though it is on the property of the employer, the law as to highways and streets still applies and the fact that a pedestrian wants to cross a highway at a point that is not an intersection or crossing, that itself is not

negligence, but such a pedestrian is bound to exercise a high degree of care while in the act of crossing.

"A pedestrian has a right to traverse or cross a highway at whatever point he may desire, but in exercising such right, he must have due regard for the conditions of the traffic before he starts to cross, and it is his duty to continue to look as he proceeds.

"One crossing a highway has a right to assume that a vehicle operator will use ordinary care to protect him and the mere failure to anticipate the negligence of such operator does not preclude a recovery of damages for injuries sustained.

"In other words, if this plaintiff pedestrian, in crossing, saw that bus, as he claims, at a standstill; and that he was in plain view of the driver, he had a right to assume that the driver would not suddenly, without warning, start the motor vehicle so as to hit him as he was engaged in that crossing. But at the same time, the law imposes a duty upon that pedestrian crossing to exercise a high degree of care; to be sure that the motor vehicle is not moving at the time; that he does not place himself in a place of danger which is apparent at the time when he starts across and therefore he cannot start across or walk across when the vehicle is moving at the time without at the same time, exposing himself to that danger and thereby making himself guilty of contributory negligence."

We find nothing in this charge to justify any complaint on the part of plaintiff with respect thereto. We are satisfied that with respect to this road and plaintiff's crossing thereof, and the respective duties of plaintiff as a pedestrian crossing the same, and those of defendant as the operator of a motor vehicle traveling thereon, the instructions given as quoted above were in accordance with the principles and rules with respect thereto as laid down by our Supreme Court. See Ulmer v. Hamilton, 383 Pa. 398; Yurkonis v.

Doughterty, 382 Pa. 387; Glancy v. Meadville Bread Co., 340 Pa. 452.

The point made by plaintiff that he did not have a fair trial by reason of the frequent arguments and bickerings between counsel and the conduct of one of the witnesses for defendant, is likewise without merit. It is true that there may have been some bickering between counsel and there may have been some interruptions with remarks injected by one or the other. Suffice it to say that all this was clearly within the control of the trial judge whose judgment and discretion with respect thereto is complete and absolute. An examination of the record of this case fails to disclose any abuse of that discretion or anything to indicate that plaintiff failed to receive a fair trial.

Counsel should make every effort to conduct themselves during the trial of a case as gentlemen, consistent with their affiliation with a respected and revered profession. It is to be expected that during the heat of a trial they might momentarily forget themselves and be guilty of breach of the decorum expected of them. This is excusable in the eyes of the jurors and of-the court, and is usually attributed to the zealousness of counsel in behalf of their client and their cause.

Likewise the conduct of a witness is within the control of the trial judge and it cannot be said that the actions of this witness in question were such as to prejudice plaintiff or his case. The witness in question was called by defendant, and any prejudice from his conduct or words would naturally inure to the benefit of plaintiff and against defendant. There was no occasion for the trial judge to do anything at the time of the alleged incident and therefore furnishes no cause to grant a new trial on account thereof.

Plaintiff also complains of the alleged error on the part of the trial judge in instructing the jury to disregard the evidence about the alleged failure of de-

fendant to furnish his name and address to plaintiff following the accident and to offer plaintiff aid and assistance. The jury was told that in connection with this evidence, they had a right to consider this fact in their deliberations as to whether or not defendant was negligent, but were "not to be prejudiced or influenced by any alleged failure on his part to give his name and address or to render assistance". We are of the opinion that this portion of the charge was proper and consistent with our laws and constitutes no basis for awarding a new trial. If the conduct of defendant did constitute a violation of the law, it could not be the efficient or proximate cause of the accident.

A motion for a new trial will not be granted on the ground that the verdict is against the weight of the evidence where there is conflicting evidence on material questions, for this would be usurping the functions of the jury: 6 Standard Pa. Practice, Trial, §79, p. 321, and innumerable cases cited in footnote. An assignment that a jury's verdict is against the evidence is applicable only when it is not based on a conflict of testimony: Landis v. Conestoga Transportation Co., 349 Pa. 97.

On a consideration of whether a verdict is against the evidence, all the evidence must be read in the light most favorable to the party in whose favor the verdict is rendered: Tomko v. Feldman, 128 Pa. Superior Ct. 429; Holland v. Kohn, 155 Pa. Superior Ct. 95; Herchelroth v. Jaffe, 154 Pa. Superior Ct. 54.

Our courts have many times said, as Chief Justice Stern said in Carroll v. Pittsburgh, 368 Pa. 436: "A new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion: Wilson v. Kallenbach, 332 Pa. 253. . . . Neither should it ordinarily be granted on the ground that the verdict was against the weight of the evidence where

the evidence is conflicting and the jury might have found for either party". This guiding principle has been repeatedly reiterated by our courts. See, inter alia, Jones v. Williams, 358 Pa. 559; Decker v. Kulesza, 369 Pa. 259; Devlin v. Piechoski, 374 Pa. 639; Martin v. Arnold, 366 Pa. 128; Stewart v. Ray, 366 Pa. 134; Katz v. Montague, 380 Pa. 273.

From the foregoing it is apparent that the court would not be warranted in granting a new trial for any of the reasons assigned by counsel for plaintiff. A careful reading of the court's charge shows that the trial judge correctly stated the applicable law and clearly and adequately presented the issues and theories of the respective parties. When he finished his charge he inquired whether counsel had any requests for additional instructions or corrections. Two requests were made by counsel for plaintiff, one dealing with the testimony of Dr. Scott and the other with the failure of defendant to give his name and address or render assistance. As to the testimony of Dr. Scott we have already mentioned that it need not be considered under the particular finding of this jury. As to the matter of the failure of defendant to furnish his name and address and render assistance, we have already indicated that the instructions of the trial judge with respect thereto was correct, proper and sufficient. No other suggestion was made by counsel for plaintiff and the well known principle should apply, that with respect to any other alleged errors in the charge, counsel cannot sit by and take a chance with the jury and then complain if the verdict is contrary to his expectations, unless there has been some basic and fundamental error in the charge of the court: Lyons v. Wargo, 386 Pa. 482; McDonald v. Ferrebee, 366 Pa. 543, 547. We find no such basic or fundamental error in the charge and no sufficient reasons from the charge or the record to warrant the granting of a new trial.

There is nothing to indicate that the verdict was not proper or that it was the result of any passion or prejudice or anything except the facts of the case. A fair and impartial reading of the record would indicate that the weight of the evidence was with defendant. The motion for a new trial must therefore be refused.

### Order

And now, this January 31, 1957, plaintiff's motion for a new trial is refused. Eo die exception noted.