Simpkins et al., Appellants, *v.* Richey.

Argued December 15, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*G. Clinton Fogwell*, with him *Reilly & Fogwell*, for appellants.

*William H. Mitman*, with him *Stively and Mitman*, for appellee.

OPINION BY WRIGHT, J., March 24, 1960:

At about 1:00 A.M. on August 16, 1957, Doris P. Simpkins and her sister, Joanne Simpkins, then aged slightly less than 16 and 15 years respectively, were riding as passengers in a motor vehicle owned and operated by Raymond A. Richey, then aged 18 years. Along highway route No. 896, north of New London in Chester County, the motor vehicle collided with a utility pole. A trespass action was instituted by the two girls, through their father as guardian, and by their father in his own right to recover damages for the personal injuries sustained. After a three-day trial

the jury returned a verdict in favor of each minor in the sum of $600.00, and in favor of the father in the sum of $2,700.00. A motion by the minor plaintiffs for a new trial was overruled, and judgment was entered on the verdict. The minor plaintiffs have appealed.

Appellants' sole contention on this appeal is that the lower court erred in not granting a new trial on the ground that the verdict of only $600.00 for each minor plaintiff was grossly inadequate. It is the position of the appellee that the verdict was a compromise, that the awards to appellants were substantial in amount, and that the court below did not abuse its discretion in overruling the motion for a new trial.

The general rule in cases of this nature is well settled, and was thus restated by Mr. Justice BOK in *Elza v. Chovan,* 396 Pa. 112, 152 A. 2d 238, quoting from *Zamojc v. Fisher,* 127 Pa. Superior Ct. 171, 193 A. 315: "The granting or refusal of a new trial because of the inadequacy of the verdict is a matter peculiarly within the discretion of the trial court, and it is the rule in this State that an appellate court will not reverse the action of the court below unless the verdict is so unreasonable as to bring conviction that it was influenced by partiality or prejudice or some misconception of the law or the evidence in the case . . . and establish a clear case of wrong and injustice in the court below". See also *Takac v. Bamford,* 370 Pa. 389, 88 A. 2d 86; *Perzak v. Coulter,* 171 Pa. Superior Ct. 475, 90 A. 2d 256.

In the words of Mr. Justice BELL in *Kite v. Jones,* 389 Pa. 339, 132 A. 2d 683: "The test or standard for an appellate court is clear but ofttimes difficult to apply: Is the verdict so excessive or inadequate that its affirmance constitutes a manifest abuse of discretion". In *Paustenbaugh v. Ward Baking Co.,* 374 Pa. 418, 97 A. 2d 816, the guide was stated as follows: "Where the trial court grants a new trial on the ground

of inadequacy the appellate courts will not interfere in the absence of a gross abuse of discretion . . . When the trial court refuses relief against an allegedly inadequate verdict the appellate court will exercise even greater caution in reviewing its action". If the verdict bears a reasonable resemblance to the damages proven, it is not the function of the appellate court to substitute its judgment for that of the jury: *Hollins v. Pittsburgh Railways Co.*, 188 Pa. Superior Ct. 141, 146 A. 2d 622. Where the evidence of negligence or contributory negligence is conflicting or not free from doubt, the trial court has the power to uphold the time-honored right of the jury to render a compromise verdict and to sustain a verdict which is substantial: *Karcesky v. Laria*, 382 Pa. 227, 114 A. 2d 150. And see *Ewing v. Marsh*, 174 Pa. Superior Ct. 589, 101 A. 2d 391.

Our review of this voluminous original record discloses that the instant case was vigorously contested on the issue of appellants' contributory negligence, and both plaintiffs and defendant presented points for charge on that issue. There was evidence to the effect that the defendant was openly indulging in intoxicants, and the jury undoubtedly so found. The issue of contributory negligence was submitted to the jury by the trial judge, who discussed at some length the duty of passengers riding in a motor vehicle. Appellants make no complaint concerning the charge, which was eminently fair and impartial. Our conclusion is that the court below did not abuse its discretion in refusing to disturb the verdict of the jury. We adopt the following excerpt from Judge GAWTHROP'S well-considered opinion:

". . . From the general circumstances of the case it is obvious to us that the verdicts awarded the minors, when considered either alone or in conjunction with the verdict for their father, represented a compromise

by the jury on the question of the minor plaintiffs' contributory negligence. They were under sixteen and fifteen years old, respectively, on the date in question. They joined in driving about the countryside that night for some three hours with a driver who was indulging in intoxicants. Leaving their home town at 9:30 P.M. they first drove several miles to Kemblesville. After spending some twenty minutes with friends they left that point and drove ten miles to Newark, Delaware. Defendant driver there obtained some intoxicating drink which he and the other boys in the car drank while driving over the road, passing the bottle between them during the fifteen mile drive to Avondale. They parked outside a diner for at least one-half hour, where the contents of the bottle were finished, and about midnight started home to Oxford. Instead of following Route 1, the Baltimore Pike, directly to Oxford they left that main highway west of Jennersville and drove southeastward toward New London, intending by pre-arrangement to turn westward at New London toward Oxford, thus traversing two sides of a triangular route. Beyond question Plaintiffs knew their driver had been drinking some alcoholic beverage. This was not the first time Plaintiffs had driven the countryside at night with the same driver.

"It is no surprise that a jury, considering all the circumstances, awarded them what under other conditions would have been extremely low verdicts. From analysis of all the evidence the jury might well have found the minor Plaintiffs guilty of contributory negligence, or even a voluntary assumption of risk, and awarded them nothing. The fact that their father was awarded the whole of his special damages indicates to us that the jury was sympathetic to him in his derivative claim and made the awards to the minors of $600.00 each because under the charge of the Court they could not compensate the father for his expenses

unless they found verdicts in some amounts in favor of the minor Plaintiffs . . .

"Here the verdict could have been either for the Plaintiffs or for the Defendant . . . The obvious conclusion is that this jury refused to put its stamp of unqualified approval upon the conduct of these teenage Plaintiffs on the night in question, believed their father should not be burdened with the out-of-pocket expense to him resulting from their misfortune, and necessarily gave the minors some compensation for pain and suffering without which verdicts the award to their father could not legally be justified . . .

". . . When the case is considered as a whole, as we believe it must be, the verdict for the father in the full amount of his special damages is clearly adequate in itself, and under all the circumstances of the case the accompanying verdicts for the minors' personal injuries taken together with it are not merely nominal but substantial. However, without regard to the verdict for the father individually, the personal injury verdicts for the minors when considered alone are not, under all the circumstances in this case, so unreasonably low as to present a clear case of injustice or shock the conscience of the Court. They are substantial and therefore should be sustained".

Judgment affirmed.