## Salemmo, Appellant, v. Dolan, Appellant.

Argued December 16, 1959.  Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Walter W. Rabin,* with him *H. Mark Solomon,* for plaintiff.

*Michael Shekmar,* for defendant.

OPINION BY WRIGHT, J., March 24, 1960:

On September 21, 1956 at about 8:30 P.M., Rosemarie Salemmo was riding as a passenger in a motor vehicle being operated by John P. Dolan in a northerly direction on Chestnut Hill Avenue in the City of Philadelphia. As the vehicle approached Shawnee Road, it left the highway and overturned. Miss Salemmo, now Mrs. Frieman, instituted a trespass action to recover damages for her serious personal injuries. The jury returned a verdict in her favor in the sum of $1,000.00. She presented a motion for a new trial as to damages only, or in the alternative a new trial generally, on the ground of inadequacy of the verdict. The court below subsequently granted a new trial generally. Both parties have appealed. The factual situation appears in the following excerpt from the opinion of President Judge FLOOD:

"At approximately 8:30 P.M. on a clear, dry evening, defendant Dolan was driving on an uncongested road. It was a narrow, high-crowned road with natural rock piled at its side to form a gutter. Plaintiff, Rosemarie Salemmo, was his only passenger. Suddenly the car swerved, collided with two trees and overturned. Defendant testified that his eyes left the road momentarily when he attempted to light a cigarette for

the plaintiff at her request. He 'assumed' that the wheel struck a rock at that time . . .

"Following the collision, plaintiff was found unconscious and bleeding from a two to two and a half inch long cut within the hair line. She regained consciousness fifteen minutes later, was taken to a hospital and given eight stitches in the wound under local anesthesia. A portion of plaintiff's hair was shaved for this purpose. Plaintiff also suffered simple, comminuted fractures of her right arm and leg for which they were put in plaster casts. Plaintiff remained hospitalized for eight days, during which time she suffered from headaches and dizziness. Four weeks after the accident the cast was removed from her arm. The cast was taken from her leg after five weeks. Pain and numbness occurred on leaving the hospital and substantially lessened over a period of several months. Plaintiff, a secretary, was unemployed for six weeks as a result of the collision and upon her return her duties were necessarily lighter".

The contention of the defendant on this appeal is that the evidence as to his negligence and plaintiff's contributory negligence was conflicting and not free from doubt, that the amount of the verdict was substantial, and that the court below abused its discretion in granting the new trial. The contention of plaintiff is that, not only was the court below warranted in granting a new trial, but also that the new trial should have been restricted to the issue of damages.

In an opinion filed this day in *Simpkins v. Richey*, 192 Pa. Superior Ct. 46, 159 A. 2d 17, we reviewed the legal principles which apply in cases of this nature. The grant or refusal of a new trial because of inadequacy of the verdict is a matter peculiarly within the discretion of the trial court, and the appellate court will not interfere in the absence of a gross abuse of

that discretion. If the evidence on the question of liability is conflicting and the trial court concludes that the verdict was a compromise, substantial in amount, it should be sustained. On the other hand, if the evidence on the question of liability is clear, and the trial court concludes that the verdict was not a compromise, an award which is patently insufficient should not be permitted to stand. In the *Simpkins* case the trial court was of the opinion that the verdict was a compromise on the question of contributory negligence, that it was substantial in amount, and therefore should be sustained. In the instant case the trial court was of the opinion that "the essential requirements of a sustainable compromise verdict do not appear", and that the balance of the verdict which remained after deducting the specific losses was "unconscionably low and bears no reasonable relation to the plaintiff's injuries".

Our examination of this record discloses that defendant's negligence was clearly established. Where an automobile which is being driven along a dry road suddenly leaves the highway and causes harm, the jury may draw from that unexplained fact an inference that the operator of the automobile was negligent: *Kotal v. Goldberg*, 375 Pa. 397, 100 A. 2d 630. And see *Swalina v. Pisalski*, 129 Pa. Superior Ct. 51, 194 A. 749. Far from offering a satisfactory explanation of the occurrence, defendant admitted that he drove with one hand to strike a match, and that he looked away from the road to light his passenger's cigarette. Defendant's only evidence on contributory negligence was his testimony, vigorously denied, that plaintiff requested him to light the cigarette for her. Assuming arguendo that defendant's testimony in this connection was correct, it is doubtful whether plaintiff's request constituted contributory negligence. Certainly it was extremely weak evidence on that issue. Our conclusion is that

the court below did not abuse its discretion in granting the new trial. Cf. *Daccorso v. George F. Otto Corp.*, 397 Pa. 328, 155 A. 2d 199.

The question of limiting new trials solely to the issue of damages was recently discussed by Judge Woodside in *Friedman v. Matovich*, 191 Pa. Superior Ct. 275, 156 A. 2d 608. The power to grant a limited new trial is one which should be cautiously exercised. The case at bar does not present one of those comparatively infrequent situations wherein the new trial should be limited solely to the issue of damages, nor is plaintiff in position to seriously complain of the action of the court below in granting one of her alternative requests.

Order affirmed.