## Pape v. Short

*Leonard E. Price*, for plaintiffs.

*Arthur G. Stein* and *Stein & Winters*, for defendant.

*Robert S. Grigsby*, for additional defendant.

WEISS, J., February 7, 1961.—This matter is before the court on plaintiffs' motion for a new trial. The case arose out of an accident which occurred on September 13, 1958. The wife-plaintiff was a passenger in an automobile owned by her but operated by the husband-plaintiff. It seems that plaintiffs were following another automobile driven by defendant, Bonnie Short. When defendant tried to return her car to the right lane of traffic, she turned into plaintiffs' path and this

caused husband-plaintiff to swerve his car off the road. In doing this, the left rear of plaintiffs' car was struck by the rear bumper of defendant's car. Wife-plaintiff complained of a neck injury and sought medical attention. The doctor bill was $415; the hospital and drug bills totaled $64.15; and the property damage to the car was $111.25.

The jury returned a verdict in favor of the husband for $490 and a verdict in favor of the wife for $260. Plaintiffs contend in their motion for a new trial that the verdicts were grossly inadequate. In deciding whether a new trial should be granted because of the inadequacy of the verdict, a court is guided by the principle that a new trial may be granted where it clearly appears that the jury, in determining the damages, has committed a gross error; but where it appears that the verdict bears a reasonable relationship to the damages as shown by the evidence, it is not proper to set aside the verdict and grant a new trial. See Ischo v. Bailey, 403 Pa. 281; Simpkins v. Richey, 192 Pa. Superior Ct. 46.

After a full consideration of the evidence in this case, the court is not shocked by the verdicts. The testimony revealed that the impact of the collision was very slight. Other testimony showed that the wife had recovered from her injuries in February, 1959, but she continued to receive treatment. There was other evidence that about two months after the accident the wife's doctor indicated that further treatment was not necessary. This and other similar evidence was relevant and was to be considered by the jury in arriving at the amount of damages.

The husband's verdict represented the doctor, hospital and drug expenses, plus a small amount for loss of consortium. The wife's verdict represented the property damages and about $150 for pain and suffering. Consortium and pain and suffering have no market

value and the amounts to be awarded for these items are to be left to the common sense and sound judgment of the jury. We do not feel that the amounts awarded are so inadequate as to impeach the jury's verdicts. The verdicts were small but a court will not disturb them merely because they are small. Under the facts and testimony of this case, they were substantial.

Accordingly, plaintiffs' motion for a new trial will be refused.

*Order*

And now, February 7, 1961, it is hereby ordered and decreed that plaintiffs' motion for a new trial be and is hereby refused and judgment is to be entered upon payment of the verdict fee.