Feeney *v.* Shook, Appellant.

271

Argued September 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before FULLAM, J.

*Donald B. Smith,* with him *Smith, Mountenay & Mims,* for appellant.

*Harold S. Patton,* with him *Neal & Patton,* for appellees.

OPINION BY ERVIN, J., November 16, 1961:

These are two appeals from the granting of new trials limited to damages only on the ground of inadequacy of the verdicts. Both of the appeals are considered in this opinion.

On August 11, 1957, at or about 9:30 p.m., the plaintiff, David Andrew Smith, was operating a certain au-

tomobile in a northerly direction on a concrete, four-lane highway, known as Super Highway, at or about its right angle intersection with Hulmeville Road, a stop street. The other plaintiff, Grace Feeney, was a passenger in his vehicle. The defendant was operating a vehicle in a westerly direction on Hulmeville Road; failed to obey the stop sign against him; entered the intersection and crashed into the right side of plaintiff's vehicle, causing personal injury to the two plaintiffs. Separate suits were instituted by the plaintiffs, which were consolidated for trial. The jury returned a verdict in favor of Grace Feeney in the amount of $700.90, being her medical expenses and loss of wages, and for David Andrew Smith in the amount of $1,000.00, being $128.50 over his medical expenses and loss of wages.

It is defendant's contention that the plaintiffs greatly exaggerated their claims in an attempt to recover greater damages than they were entitled to and that the jury realized this; thus the verdicts should be allowed to stand and the court below abused its discretion when it allowed new trials, limited to damages only.

There is no question of the defendant's negligence since he failed to see and stop for the stop sign. With regard to his speed, the defendant testified as follows: "Q. And you have no idea how fast you were going? A. No, I don't. Q. Were you going above fifty? A. I have no idea. Q. Could you have been going above fifty? A. Well, of course, if the machine is made to go over fifty—Q. Was the machine made to go over fifty? A. I don't see why not, it is a '56."

The plaintiff, Grace Feeney, could not have been guilty of contributory negligence since she was a passenger in the Smith car. She suffered a concussion from striking her head on the dashboard; lacerations of the forehead, in which fragments of glass were im-

bedded; contusions and abrasions all over her body, including the right shoulder, thigh, elbow, knees, a severe abrasion to right leg, and headaches. As a result of these injuries her doctor hospitalized her for nine days. She was unable to work for five weeks. Her hospital bill for nine days' confinement was $297.90, her doctor bills totalled $175.00, and loss of wages for five weeks totalled $228.00.

With regard to the other plaintiff, David Smith, the jury did not believe that he was contributorily negligent. We agree with that conclusion. He was on a through highway, he made the proper observations at the intersection. His view to the right was obscured by a mound of dirt and weeds and bushes. When halfway across the intersection he was struck from the right front door back to the right rear quarter panel. As a result of the accident Smith suffered a blow on the face in the vicinity of the right eye which resulted in a hemorrhagic conjunctivitis of the right eye, and the eyebrow had a paper clip shaped cut which began above the eyebrow and circled toward the nose and around under the eyebrow and then cut down across the inner aspect of the orbit on the right side, going angularly out across the eyelid across the angle, and after it passed the angle of the eye there was a triangular gouge of a half to three-quarters of an inch in length. The damage required plastic surgery, known as a sliding skin graft. Nine days' hospitalization was necessary and plaintiff Smith could not work for five weeks. Smith's expenses were comprised of hospital bill of $252.50, doctors' bills of $275.00 and five weeks' loss of wages of $344.00. There was no evidence produced by the defendant to rebut or attack the reasonableness of the medical expenses and the necessity therefor. The cross-examination of plaintiff's doctor falls far short of establishing defendant's contention. The damages were not exaggerated or uncertain.

Nothing was allowed for the pain and suffering of Grace Feeney and $128.50 was not adequate for the pain and suffering for David Smith.

The cases are legion which hold that the grant or refusal of a new trial because of inadequacy of the verdict is a matter within the discretion of the trial court and the appellate court will not interfere in the absence of a gross abuse of that discretion: *Friedman v. Matovich,* 191 Pa. Superior Ct. 275, 156 A. 2d 608; *Simpkins v. Richey,* 192 Pa. Superior Ct. 46, 159 A. 2d 17; *Salemmo v. Dolan,* 192 Pa. Superior Ct. 51, 159 A. 2d 253. Likewise, where the circumstances warrant, a new trial may be granted restricted to damages only: *Cason v. Smith,* 188 Pa. Superior Ct. 376, 146 A. 2d 634. Such action should be done cautiously. Such actions should be the exception. Nevertheless, the question is, did the trial court abuse its discretion. We do not believe it did.

Order affirmed.