Gallihue et ux., Appellants, *v.* Penn Fruit Company, Inc.

Argued September 19, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before PIEKARSKI, J.

*David H. Kubert,* for appellants.

*Samuel Kagle,* for appellee.

OPINION BY WRIGHT, J., November 16, 1961:

On July 5, 1958, Mary A. Gallihue, a customer in a super-market operated by the Penn Fruit Company, was injured in one of the check-out aisles. She and her husband instituted a trespass action, the trial of which resulted in the following verdict by the jury: "Verdict for Mary A.. Gallihue in the sum of $2969.00 for loss of salary; and for Lester F. Gallihue in the sum of $312.00 for medical, x-rays and maid". The court en banc subsequently granted defendant's motion for a new trial, and this appeal by the plaintiffs followed.

Access to the aisle in question was controlled by a board guard or close-off gate on which appeared the words "This Aisle Closed". When the aisle was not in use, this guard was in a lowered horizontal position. When the aisle was in use the guard was raised to an upright vertical position and secured to the adjacent counter at its hinged end by a hook and eye arrangement. On the day of the accident, the aisle in question was in use. The wife-appellant had pushed her wire cart into the aisle and was bending over in order to transfer her purchases from the cart to the counter. At that moment the guard suddenly descended and struck the wife-appellant on the back of her neck. There was no evidence of contributory negligence. The sole issues at the trial were appellee's negligence, and the extent of appellants' damages.

It is contended on this appeal, first, that the verdicts of the jury represent a compromise which should be sustained; and second, that the court below abused its discretion in granting a new trial. A third conten-

tion, namely, that the new trial should be limited to damages only, was withdrawn at the time of oral argument.

In an opinion filed this day in *Conard v. Duffy*, 196 Pa. Superior Ct. 256, 175 A. 2d 94, we had occasion to discuss our function on appeals of this nature. In brief, the grant of a new trial is an inherent power and immemorial right of the trial court and we will not disturb the exercise of that authority in the absence of a clear abuse of discretion. It is true that compromise verdicts are both expected and allowed, and that the compromise may arise out of damages or negligence or the balance of evidence concerning either or both. See *Elza v. Chovan*, 396 Pa. 112, 152 A. 2d 238. In the case at bar, however, the opinion below, written by the trial judge, contains the following significant statement: "By no logical argument can this verdict be categoried as a compromise verdict". Cf. *Salemmo v. Dolan*, 192 Pa. Superior Ct. 51, 159 A. 2d 253. The court en banc concluded that the verdict was "arbitrary and capricious . . . deficient . . . inconsistent, contradictory, and . . . in avoidance of the issue", and granted a new trial "in the interests of justice".

Our review of this voluminous original record does not reveal any abuse of discretion. It is the duty of the trial court to grant a new trial when convinced that the judicial process has resulted in the working of injustice. See *Kiser v. Schlosser*, 389 Pa. 131, 132 A. 2d 344.

Order affirmed.