## Mendel v. Waxbrown Corporation

*Edgar R. Einhorn*, for plaintiff.

*Ralph S. Croskey*, for defendant.

HAGAN, P. J., June 5, 1962.—This is a trespass action which was tried before the writer of this opinion and a jury and resulted in a verdict for plaintiff in the sum of $2,500. Plaintiff filed a motion for a new trial on the ground of inadequacy, and after argument before the court en banc, a new trial was granted. Defendant has appealed to the Superior Court, and this opinion is written in accordance with rule 43 of the Superior Court Rules.

. In determining whether plaintiff should be granted a new trial on the ground of inadequacy of the verdict, we were not unmindful that "compromise ver-

dicts are both expected and allowed, and that the compromise may arise out of damages or negligence": Gallihue v. Penn Fruit Company, Inc., 196 Pa. Superior Ct. 325, 327. In this case, however, as in the Gallihue case, it is clear that there is no possible basis for a sustainable compromise verdict on either damages or negligence.

With respect to the question of damages, plaintiff, who was a law student at the time of the incident, and is now an attorney, sustained a severe laceration near his right eye, which required 30 sutures to close. In addition to the pain and suffering naturally attendant to such a laceration, plaintiff was left with a permanent scar, which the trial judge as well as the jury had an opportunity to personally examine. Plaintiff's expenses to the time of trial were $524, and his medical expenses and loss of earnings in the future will be approximately $1,825. While these expenses will be incurred in the future to improve the appearance of the scar, the testimony with respect thereto was not only extremely convincing, but was entirely uncontradicted and unimpeached. Furthermore, if we were to ignore the future expenses to be incurred in an attempt to make the scar less noticeable, plaintiff would be left with the existing serious permanent scar.

Plaintiff's total special damages, therefore, were approximately $2,350, leaving him $150 from the $2,500 verdict for pain and suffering. We have no hesitation in holding that the verdict bore no reasonable relationship to the actual injuries sustained by plaintiff, and indeed was so low as to shock our conscience.

If the verdict were to be upheld as a compromise, therefore, it would have to be on the ground of liability. Here again, however, there was no substantial basis for a compromise verdict. On the evening plaintiff sustained the injury for which he brought suit, he

was a patron in defendant's cafe. Plaintiff and some of his friends were playing darts, and plaintiff was injured as a result of a disorder in the cafe in which he had taken no part. It was defendant's contention that the disorder was a sudden "flare-up" and that, therefore, defendant did not have sufficient warning to enable it to take proper preventive measures. In this respect, the evidence in plaintiff's case was clear and convincing as to the existence of a disorder in the cafe for approximately 20 minutes prior to the occurrence causing plaintiff's injury. It is equally clear that no effort was made by the proprietor, the waitress or the bartender on duty to take any steps to correct the condition.

The evidence in defendant's case, on the other hand, was contradictory and to a large extent corroborated plaintiff's case. The only witness who testified that there was a sudden flare-up rather than a long smoldering situation was the proprietor Waxman. His recollection, however, was admittedly hazy and his testimony was contradicted not only by all of plaintiff's evidence, but also by one McGovern, defendant's witness.

It was the clear conclusion of the court that plaintiff was entitled to a new trial on the ground of inadequacy, because (a) the amount of damages awarded was grossly inadequate to compensate plaintiff for the extremely serious injury he sustained, and (b) the evidence on the question of liability clearly preponderated in favor of plaintiff. Therefore, the verdict could not be upheld as a compromise. It was for these reasons that plaintiff's motion for a new trial was granted.