Micozzi *v.* Klysh, Appellant.

78

Argued November 8, 1965. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-
MAN, JJ. (FLOOD, J., absent).

*R. Wallace Maxwell,* for appellant.

*Paul J. Votilla,* with him *James Hook,* for appellee.

OPINION BY WRIGHT, J., December 16, 1965:
This is an appeal by the defendant from an order
of the Court of Common Pleas of Greene County grant-
ing the plaintiff's motion for a new trial in a trespass
action arising out of a motor vehicle collision.    The
grant of a new trial is an inherent power and imme-
morial right of the trial court, and the appellate court
will not disturb the exercise of that authority in the
absence of a clear abuse of discretion: *Gallihue v. Penn
Fruit Co.,* 196 Pa. Superior Ct. 325, 175 A. 2d 96.
On April 24, 1958, about ten o'clock p.m., Albert R.
Micozzi was the owner of a 1956 Oldsmobile which he
was operating south on Route 88 near the Borough of

Carmichael. At the same time Robert J. Klysh, aged 21 years, was proceeding north as the operator of a 1953 Chevrolet owned by his parents, Joseph and Mary Klysh. The collision occurred when Klysh made a left turn across Micozzi's traffic lane. The complaint originally named the son and his parents as defendants, but it was ultimately amended to name the son as sole defendant. At the first trial the jury found in favor of Micozzi in the sum of $327. The court below thereafter granted Micozzi's motion for a new trial on the ground of inadequacy. The second trial resulted in a verdict for Klysh. As previously indicated, Micozzi's motion for a new trial was granted and this appeal by Klysh followed.

The weather was clear. The road was dry. It was "a nice evening". Klysh and two youthful companions were "just driving around". They eventually decided to patronize a dairy bar on the west side of the highway. The place at which the left turn was attempted was not an intersection. Klysh testified that his turn signal was operating, and that he came to a full stop before making the turn. Micozzi testified that Klysh was "coming pretty fast", and that he did not stop. Charles Chepes, a passenger in the Micozzi car, testified that "instead of him stopping, he cut right in front of us there, and there was no way of avoiding it". Micozzi was traveling at a legal rate of speed, he was in his own lane of traffic, and the collision resulted from the failure of Klysh to make the left turn in safety. On this record there can be little doubt that Klysh was negligent, and the trial judge so indicated in his charge. In granting the new trial the court below was "of opinion that it was error to submit the question of contributory negligence to the jury", citing *Thomas v. Tomay*, 413 Pa. 270, 196 A. 2d 740.

Although we are not persuaded that the cited case controls the instant factual situation, it is clear that

the verdict in favor of Klysh was contrary to the overwhelming weight of the evidence. This was one of the reasons advanced by Micozzi in his new trial motion, and it fully justifies the action of the court below. Cf. *Denman v. Rhodes,* 206 Pa. Superior Ct. 457, 214 A. 2d 274. It is therefore unnecessary to pass upon Micozzi's contention that the trial judge failed to charge on the burden of proving contributory negligence. See *Commonwealth of Pennsylvania Department of Highways v. Eldridge,* 408 Pa. 391, 184 A. 2d 488. Similarly, it is unnecessary to pass upon Micozzi's contention, also advanced in his new trial motion, that the trial judge failed to charge on the doctrine of sudden emergency. See *Weinberg v. Pavitt,* 304 Pa. 312, 155 A. 867.

Order affirmed.