Reagan et ux., Appellants, *v.* Love.

Argued June 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*George R. Eves,* for appellants.

*David H. Roland,* with him *Balmer, Mogel, Speidel & Roland,* for appellee.

OPINION PER CURIAM, September 30, 1971:

The six judges who heard this appeal being equally divided, the judgment is affirmed.

DISSENTING OPINION BY MONTGOMERY, J.:

I respectfully dissent in this trespass case for the reason that I believe the lower court erred in submitting to the jury the issue of contributory negligence.

The plaintiffs-appellants, William and Helen Reagan, brought this action to recover damages for personal injuries allegedly sustained by Mrs. Reagan in an automobile accident which occurred on October 28, 1967, at about 2:30 a.m., in Berks County. At the time of the accident Mrs. Reagan was a passenger in the front seat of an automobile being operated by the defendant-appellee, Shirley L. Love, (quoting the facts set forth in Appellee's Counter-History of the Case in her brief on this appeal) ". . . on a two-lane eighteen foot wide blacktop road returning to their homes from a Halloween party. The road was wet and there were wet leaves on the road. Appellee was familiar with the road, had her headlights on and had no trouble negotiating the curvy road prior to the scene of the accident. There was no evidence of excessive speed. As the car came to a sharp right curve in the road, Appellant, Helen Reagan, requested Appellee to turn on the courtesy light so that she could look for her house keys and Appellee did so. Just then Appellee felt the rear of the car skid on the wet leaves. Appellee lost control and the car went off the left side of the road before the car ever got to the curve, as the result of which Appellant, Helen Reagan, was injured. The investigating officer testified that at the scene of the accident he visually observed that the right rear tire of Appellee's car was smooth. Appellee and her husband both testified that new snow-tread tires had been put on the car just six days before the accident."

The lower court stated in its opinion on this point, "likewise, there was evidence from which the jury could have found that Plaintiff Helen Reagan was guilty of contributory negligence *on the basis of her own uncon-*

*tradicted testimony* that immediately before the car went off the road she had asked Defendant to turn on the courtesy light in the car, which Defendant did." (Emphasis supplied.) I believe that the lower court placed too much emphasis on the fact that the plaintiff herself offered this testimony since I believe that matter is irrelevant in view of the fact that there is no evidence in the case from which the jury could infer that the plaintiff's merely asking for the light to be turned on proximately caused the accident. Indeed, it might further be observed that there does not appear to be any evidence in this case that the defendant's turning the light on proximately caused the accident.

It is the fact that such proximate cause was shown in the cases relied on by the lower court in its opinion that causes them to be distinguishable from the case now before us. In the case of *Campbell v. Campbell*, 316 Pa. 331, 175 A. 407 (1934), where it was held that a guest who was riding in the front seat of an automobile was contributorily negligent in examining and discussing the driver's papers relative to the driver's admission to college, there was evidence in the case, submitted by a disinterested eyewitness, that the actions of the plaintiff caused the driver to be distracted, the Court stating at page 332, A. 408, "The testimony shows that at the time of the accident the wife-plaintiff was in the front seat of the car and was examining and discussing with Miss Humphrey papers relating to the latter's admission as a student to Slippery Rock Teacher's Training College, and that she, plaintiff, had engaged defendant in so doing in such manner as to distract the latter from her duty in operating the car." Likewise, and perhaps more obviously, in the case of *Lyons v. Wargo*, 386 Pa. 482, 126 A. 2d 411 (1956), the driver was "inspired" and distracted by his passenger's kiss.

The weight of authority appears to be that merely carrying on a conversation with the driver is not contributory negligence. *Sweeney v. New Orleans Public Service,* 184 So. 740 (1938); 61 C.J.S. Motor Vehicles §486(5). In *Moore v. Smith v. Ottus Construction Equipment Co.,* 343 F. 2d 206 (3rd Cir. 1965), Hon. Harry E. KALODNER, Circuit Judge, speaking for the Third Circuit Court of Appeals, stated, at page 210, "The mere circumstance that the plaintiff and his driver were engaged in conversation would not sustain a finding of contributory negligence unless the evidence disclosed that the driver by reason of being engaged in conversation turned his head or eyes *away* from the road during its course. No such evidence was adverted to by the District Court in its charge or Opinion or by counsel for the defendant."

Finally, in the case of *Kirby v. Keating,* 271 Mass. 390, 171 N.E. 671 (1930), a guest passenger asked the driver what time it was and the driver lost control of the car because he tried to ascertain the time indicated by his wrist watch by holding it to a light under the dashboard. In affirming the refusal to find contributory negligence as a matter of law, the Court stated, at page 393, N.E. 672, "Upon the testimony of the plaintiff it could not have been ruled as a matter of law that her negligence contributed to the accident. The fact that she asked the defendant for the time was not negligence on her part. When she made the inquiry it could have been found that she did not know that he wore a wrist watch, and it cannot be said as a matter of law that by making the inquiry she had any reason to expect the defendant would abandon all care in the operation of his automobile. The burden of proving contributory negligence was on the defendant. . . . The issues of gross negligence on the part of the defendant and of contributory negligence of the plaintiff were rightly submitted to the jury." Apparently, the plaintiff

failed to question the submission of her contributory negligence to the jury in the latter case; however, the reasoning of the Court is quite convincing in her favor on that issue also.

For the above reasons, I would reverse the judgment and grant a new trial.

HOFFMAN and CERCONE, JJ., join in this dissenting opinion.