## Resseguie v. Reynolds

*D. Peter Johnson,* for plaintiffs.

*Charles H. Saylor,* for defendant Stephen L. Reynolds.

BROMFIELD, *P.J.,* September 10, 1991—On January 2, 1989, Richard Resseguie was killed in a motor vehicle accident. The driver of the car which struck him was Daniel Klingler, who subsequently pled guilty to criminal charges involving driving under the influence and homicide by motor vehicle. The accident occurred, according to the complaint, when the Klingler vehicle crossed the center line and struck the Resseguie vehicle head-on.

Klingler's passenger was Steven Reynolds. In this action, the representatives of Resseguie have sued

several local taverns and Reynolds. The issue of the liability of the taverns is not before the court at this time.

The decedent's family, the Resseguies, have asserted a cause of action against the passenger, Reynolds. In essence, plaintiff has pled that the two companions initially began their afternoon at one of the taverns, then proceeded to several of the others, consuming beer in each. In one of the taverns, they additionally purchased a quart of beer.[1] Ultimately, the pair was proceeding westbound on Route 45 in the vicinity of Lewisburg when the accident occurred. In the summary paragraph, plaintiff pled that the passenger (1) encouraged and condoned the alcohol consumption of his companion/driver; and (2) distracted the driver from his attentiveness to the road. If either assertion is supportable, plaintiff contends the passenger is responsible to the decedent struck by the driver. The same factual allegations are then pled as the foundation for the companion count of a survival action.

The preliminary objections raise a demurrer to both counts, arguing that the admission that the driver was an adult removes the case from the alcohol liability extension decisions of the Pennsylvania Supreme Court. (Although not specifically

---

1. Plaintiff's counsel has suggested, in the statement of matters complained of on appeal, that the court has ignored the "well pled facts." The court is not certain which of the facts are well pled. Nowhere in the factual allegations does plaintiff allege that defendant Reynolds purchased the quart of beer. To the contrary, the complaint uses the vague reference: "they purchased . . . a quart container of Genessee Light beer. . ." (Para. 10.)

Further, the factual allegations neither state nor suggest interference with the operation of the automobile, nor any distraction of the driver. The conclusory allegations of negligence, however, contain references to Reynolds' purchase, and Reynolds' distraction of the driver. (Para. 18.)

·stated in the complaint, the term "adult individual" meant, in this case, a driver over 21. At the time of the accident, Klingler was 26 years old, as conceded by plaintiff's counsel at the oral argument on the motion.)

The legal brief filed by plaintiff, and the oral argument, addressed two distinct theories of liability. First, plaintiff argues that the passenger "aided" and abetted" the commission of crime(s) by his promotion of alcohol consumption by the driver, after Reynolds "knew or should have known Daniel Klingler was visibly intoxicated or under the influence of alcohol and would be driving an automobile." (Complaint at para. 18a.) Second, plaintiff argues that the complaint supports a theory of liability premised upon fundamental negligence principles, i.e., defendant had a duty not to interfere with the driver and breached that duty, causing injury to a third party to whom the passenger is responsible.

Plaintiff's first theory—vicarious criminal responsibility—is premised, in turn, upon counsel's ingenious reading of *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983). Plaintiff's counsel has cited *Congini* for the principle that a person who assists another in the violation of a criminal statute can be negligent per se. (Plaintiff's brief at 3.)

Such an interpretation requires plaintiff's counsel to ignore most of the wording of that decision. The Supreme Court goes to great lengths to restrict its holding to the specifics of the case before it: a minor is served alcohol by an adult. The minor has been legislatively determined to be prohibited from consumption of alcohol, because of the inability of minors "to handle the affects of alcohol." Therefore, the server may be liable, not *because* of the legal violation in serving the minor (although that is

mentioned) but because of the negligence "in furnishing intoxicants to a class of persons legislatively determined to be incompetent to handle its effects."

Although plaintiff's counsel attempts to distinguish this case from social host cases, the distinctions are unpersuasive. Plaintiff's counsel suggests that this case, because it involves the promotion of consumption, implicates the societal concern for driving under the influence. Every social host case involves the same implication: if the guest were served less, or restricted in departure, or restrained, the guest would not drive under the influence of alcohol. No apparent difference exists between the social host and the "promoter" of consumption: "in the case of an ordinary able-bodied man, it is the consumption of alcohol rather than the furnishing thereof, that is the proximate cause of any subsequent damage." See also, *Orner v. Mallick,* 515 Pa. 132, 527 A.2d 521 (1987).[2]

The court can find no legal foundation which would support the vicarious criminal liability/accomplice theory propounded by plaintiff as the first basis for liability.

---

2. "The consequences of accepting intoxicants were left to the personal responsibility of the guest, and the host was not required to answer for their effect. The adult guest who drank more than he should answered alone to himself and to all others for whatever injury followed his acceptance of intoxicants." *Orner, supra.*

It is difficult to accept plaintiff's counsel's distinctions in view of the clear wording of the Supreme Court on the issue. The court has clearly acknowledged the possibility that such guests may drive their cars following service of alcohol—those were the operative facts of *Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 597 (1983)—and refused to impose liability on social hosts who actively provide the intoxicant.

If the provider of the alcohol to an adult consumer has been excluded from liability, the liability of a companion is even more attenuated.

The second basis for liability is the breach of the quiet passenger duty. Plaintiff has alleged that defendant Reynolds' acts of handing the quart of beer to the driver while the car was in motion, speaking to the driver and adjusting the radio distracted Klingler's attention from the road.

The gravamen of plaintiff's charge requires the establishment of some duty to decedent which was breached, and that the breach was the proximate cause of the injury. See, e.g., *Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507 (1983):

"Simply stated, negligent conduct is the want of due care which a reasonable man would exercise under the circumstances. If such negligent conduct is the legal cause of harm, a cause of action is stated. A demurrer can only be sustained if it is certain that no recovery is permitted. Any doubt must be resolved against sustaining the demurrer. The factual allegations in the complaint must be examined to determine whether reasonable men might infer a lack of due care by the appellees which legally caused harm to the appellant." (citations omitted; quotation is from an earlier dissent of Justice Manderino, quoted by Justice Larsen.)

The principal duty in issue is the duty of due care of the driver Klingler. The breach of that duty, as set forth in plaintiff's complaint, was evidenced by speeding, crossing the center line, and proceeding in the wrong lane. If, as plaintiff suggests, a separate duty arises from the passenger to the decedent, no Pennsylvania court has yet recognized it. (As suggested by defendant's counsel at oral argument one such duty probably includes the duty not to actively interfere with the driver, by blinding his vision, or affecting the steering, or throwing matter into his lap or upon his feet.)

In this case, the allegations are certainly a cause for societal concern. In essence, however, the same distractions are prevalent in cars which contain crying babies or tired adolescents, or riders who share ice cream cones. Plaintiff has alleged: adjusting the radio, passing the shared bottle and conversation.

Several Pennsylvania cases have addressed a corollary issue: the ability of the *passenger* to recover when the driver asserts that the passenger's actions caused the accident. (The parallel is not absolute because of the party distinction: in those cases a third party is not plaintiff.)

For instance, in *Salemmo v. Dolan,* 192 Pa. Super. 51, 159 A.2d 253 (1960), the passenger received a modest verdict, supported (in driver's theory) by the contributory negligence of passenger in distracting the driver. The driver had argued that the passenger requested the driver to light her cigarette, that the driver had done so, and that the consequent distraction represented contributory negligence of the passenger. The new trial was ordered, the Superior Court holding that the act of leaving the roadway supported an inference the driver was negligent; that the testimony regarding distraction, if anything, supported further negligence of the driver; and that even if the request for a light was believed, it would be tenuous evidence of contributory negligence.

The Superior Court, in a later decision, echoed similar reasoning. In *Reagan v. Love,* 219 Pa. Super. 432, 281 A.2d 761 (1972), an evenly divided court affirmed a judgment for defendant driver in an issue involving the contributory negligence of the passenger. The contributory negligence alleged was the request of the passenger for the driver to turn on the courtesy light, a request then posited as the

proximate cause of the car leaving the roadway. The dissenting judges supported the position that the proximate cause of the accident was not the distraction, but the car leaving the roadway, and would not have allowed the issue to be decided by the jury.

In *Lyons v. Wargo,* 386 Pa. 482, 126 A.2d 411 (1956), the issue was the appropriateness of the jury instructions. Plaintiff (female passenger), according to the driver/defendant, had kissed the driver, diverting his attention and ·causing an aċcident. The court affirmed the instruction, which included: "A guest passenger in an -automobile who diverts the attention of a driver from the operation of the automobile cannot recover for injuries sustained as a result of the driver's inattention. . .." As the quotation indicates, the parties were the passenger and the driver. Accord *Campbell v. Campbell,* 316 Pa. 328, 175 A. 405 (1934) (grandmother distracted driver/granddaughter by engaging the driver in examining papers; court held that evidence sufficient to allow issue of contributory negligence to be decided by jury).

Plaintiffs are requesting the trial court to extend the passenger's contributory negligence to a theory of independent liability for injuries to third parties. The trial court cannot engage in such an expansion of Pennsylvania law. Pennsylvania has traditionally limited, or rejected, the family purpose doctrine and its cousin, the joint enterprise theory of vehicular liability. In both situations, the courts have accented the right to control the operation of the vehicle. See *Breslin by Breslin v. Ridarelli,* 308 Pa. Super. 179, 454 A.2d 80 (1982) (family purpose doctrine);[3] see

---

3. "The family use doctrine is not a part of the law in Pennsylvania . . . Vicarious liability will be imposed in situations involving non-commercial vehicles only where the master possessed the right to control the servant's acts."

generally, Vol. 2, M. Meyer, Law of Vehicle Negligence in Pennsylvania, §17.56;[4] Annot., *Passenger's liability to vehicular accident victim for harm caused by intoxicated motor vehicle driver,* 64 A.L.R. 4th 272 (1988).

In this case, no right to control the vehicle has been alleged. Plaintiff has not contended that the passenger's status was anything other than companion. No allegations of interference with the operation of the vehicle are set forth. He has alleged a joint enterprise, begun as a social outing, lubricated by alcohol, and ending in tragedy. No Pennsylvania cases have extended responsibility to a passenger to actively avert such a tragedy.

## ORDER

And now, September 10, 1991, the prothonotary is directed to transmit the record to the Superior Court.

---

4. "In order to establish a joint enterprise, it is not sufficient to prove that the parties were merely riding together or that one had accepted an invitation to ride for pleasure, nor that there existed between the operator and passenger some common purpose to be served in the use of the vehicle. It must also be proved that the passenger at the time of the alleged negligence had a right to share in the control of the vehicle." *Id.* (citations omitted)